UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE PRADAXA ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY ) | Judge David R. Herndon |
| LITIGATION ) | |

**This Document Relates to:**

*Jones v. Boehringer Ingelheim Pharmaceuticals, Inc. et al.*, No. 3:14-cv-50018-DRH-SCW

## ORDER OF DISMISSAL WITH PREJUDICE

**HERNDON, District Judge:**

This matter is before the Court on defendants' (Boehringer Ingelheim Pharmaceuticals Inc. and Boehringher Ingelheim International) motion to show cause why the above captioned case should not be dismissed with prejudice, filed pursuant to Case Management Order Number 78 ("CMO 78") (MDL 2385 Doc. 519). The plaintiff has not responded to the motion. Accordingly, the Court accepts as true the allegations in defendants' motion (*see* Local Rule 7.1(c)), finds the plaintiff has failed to establish good cause for noncompliance, and dismisses the above captioned case with prejudice for failure to comply with CMO 78.

CMO 78 applies to all plaintiffs (1) with personal injury claims pending in this MDL at the time CMO 78 was entered and (2) who did not opt-in to the voluntary settlement program, as well as (3) all plaintiffs with personal injury

claims later filed in, removed to, or transferred to this MDL after the entry of CMO 78.[1]

Pursuant to Section I.A. of CMO 78, plaintiffs are required to send a written notice to pharmacies and healthcare providers requesting preservation of records. CMO 78 also requires service of a signed certification verifying that all notices were sent as required. Sections II.A.- C. of CMO 78 require plaintiffs to produce a number of documents and things. First, plaintiffs are required to serve a Plaintiff Fact Sheet ("PFS") and authorizations in compliance with CMO 15. Second, plaintiffs are required to produce all pharmacy records regarding the dispensation of medication and certain medical records. Third, plaintiffs are required to submit a signed affidavit attesting that all the records required under CMO 78 were collected and produced. Finally, Sections II.D. and E. of CMO 78 require that plaintiffs produce certain expert reports no later than thirty (30) days after the Opt-In Deadline, or by September 11, 2014.

Pursuant to CMO 78, defendants notify plaintiffs who are not in compliance with the above listed requirements. After receiving such notice, plaintiffs are given a certain amount of time to cure the identified CMO 78 deficiencies ("Cure

---

[1] Because this action was filed in the MDL prior to the voluntary settlement program deadline of July 9, 2014, the plaintiff was required to either opt-in to the master settlement, request an extension for more time to opt in, or abide by the requirements of CMO 78. Plaintiff requested and was granted an extension until August 8, 2014 to opt-in to the settlement, but did not submit an opt-in form by the extended deadline. As a result, the plaintiff became subject to the requirements of CMO 78.

Period"). The Cure Period is <u>the only extension permitted</u> under CMO 78.[2] If the plaintiff fails to cure the identified deficiencies during the Cure Period, defendants "may file a Motion to Show Cause why the case should not be dismissed with prejudice." (Doc. 519 §§ I.D., II.G.). Upon the filing of such a motion, the plaintiff has "twenty (20) days to respond to the Motion and show good cause why the case should not be dismissed" (Doc. 519 §§ I.D., II.G.). "Any failure to respond to the Motion within the specified period shall lead to dismissal of the case with prejudice." (Doc. 519 §§ I.D., II.G.).

In the instant case, the above captioned plaintiff failed to meet *any* of his CMO 78 obligations and has failed to timely cure any CMO 78 deficiencies. As a result, defendants filed the present motion and plaintiff failed to file a response. The Court construes plaintiff's failure to respond as an admission of the merits of defendants' motion pursuant to Local Rule 7.1(c). Further, the plaintiff, who has not responded to defendants' motion, has failed to establish good cause for noncompliance. Accordingly, the Court has no choice but to dismiss the present action with prejudice for failure to comply with CMO 78.

The Court finds the plaintiff has failed to comply with the requirements of CMO 78 and has failed to show good cause for the noncompliance within the time

---

[2] CMO 78 states, in relevant part as follows: (1) as to Section I, "[a]ny Plaintiff who fails to fully comply with the requirements of Paragraphs A, B, and C above shall be provided notice of such failure by email or fax from Defendants' counsel and shall be provided fourteen (14) additional days to cure such deficiency ("Cure Period") to be calculated from the receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted unless agreed to by all parties" and (2) as to Section II, any plaintiff who fails to comply "shall be given notice of such failure by email or fax from Defendants' counsel and shall be provided twenty (20) additional days to cure such deficiency ("Cure Period") to be calculated from receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted" (Doc. 519).

allowed by CMO 78. Accordingly, the claims of the above captioned plaintiff are **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the **CLERK OF THE COURT** to **ENTER JUDGMENT ACCORDINGLY**.

**IT IS SO ORDERED.**

Signed this 19th day of June, 2015

Digitally signed by David R. Herndon
Date: 2015.06.19 14:41:01 -05'00'

United States District Court